# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:25-cv-00036-MR

| | | |
|---|---|---|
| PIERRE JAMAR WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU SUTTLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 10], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 5].

## I. BACKGROUND

Pro se Plaintiff Pierre Jamar Walker ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. On March 14, 2025, he filed this action pursuant to 42 U.S.C. § 1983, naming the following Alexander Correctional Institution ("Alexander") officials as Defendants: FNU Suttles and FNU Moss, identified as Lieutenants; FNU Carrol, identified as a Sergeant; FNU Turner, identified as an SRGIO Officer; FNU Franks, FNU Walker, FNU Baker, FNU

Mathews, and John Does 1, 2, 3, and 4, all identified as Officers. [Doc. 1 at 1-5]. Plaintiff purported to state unrelated claims addressing three different incidents involving three different Defendants or sets of Defendants. [See Doc. 1]. The Court, therefore, dismissed Plaintiff's Complaint on initial review and allowed him 30 days to amend his Complaint to select which incident he wished to pursue in this action. [Id. at 5-6].

Plaintiff's Amended Complaint is now before the Court on initial review. [Doc. 10]. Plaintiff again names Defendants Suttles, Moss, Carrol, Franks, Walker, Baker, and John Does 1 through 4 as Defendants and adds "FNU Doe," identified as a Nurse at Alexander ("Nurse Doe"), as a Defendant. [Id. at 2-5].

Plaintiff alleges as follows. On January 22, 2025, at approximately 2:55 p.m., correctional officers came to Plaintiff's cell asking him to cuff up to remove his property from his cell. [Id. at 7]. Defendant Carrol loudly and clearly stated that Plaintiff "needed to stop acting and keep working with the feds to get out of prison snitch" and "to cuff up before they come in there and beat [his] Butt." [Id.]. After Plaintiff refused to submit to restraints, the extraction team consisting of Defendants Walker, Franks, Baker, and John Does 1 through 4, and led by Defendants Suttles and Moss, assembled and presumably entered Plaintiff's cell. [Id. at 7-8]. Plaintiff was armed with a

2

sock full of batteries, which he swung once, but missed. The extraction team pinned him to the bed with a shield and restrained him. After he was restrained and "posing no physical threat," Defendant John Doe 1 punched Plaintiff numerous times while Defendant John Doe 2 "put his body weight and knee on [Plaintiff's] head." [Id. at 8]. None of the other officers present said or did anything to stop Does 1 and 2 from retaliating against Plaintiff for refusing to submit to handcuffs and allowing "them" to take Plaintiff's property. [Id.].

After this incident where Plaintiff "was beat in handcuff[s] and mace[d]," Defendants Moss, Suttles, and Nurse Doe refused to treat Plaintiff "for injuries after the use of force or even screen Plaintiff pursuant to North Carolina Department of Adult Correction [policy]." [Id.]. The day of the incident, when Defendant Nurse Doe returned to check on Plaintiff's full restraints, Plaintiff told him that he, Plaintiff, was in pain from the earlier use of force. [Id. at 9]. Defendant Nurse Doe nonetheless refused to screen the Plaintiff. [Id.].

Plaintiff asserts claims under the First Amendment for retaliation; under the Eighth Amendment based on the use of excessive force, the failure to protect, and deliberate indifference to a serious medical need; and for assault

3

and battery and intentional infliction of emotional distress under state law.[1]
[Id.; see id. at 9-10]. Plaintiff also alleges that Defendants Suttles and Moss "fail[ed] to train/supervise." [Id. at 9; see id. at 3]. Plaintiff claims various physical injuries, including hearing loss and bruised ribs, as well as anxiety and P.T.S.D. [Id. at 7]. Plaintiff seeks monetary relief, including punitive damages.[2] [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

---

[1] The Court will address only those claims fairly raised by Plaintiff's Amended Complaint.

[2] Plaintiff also seeks a preliminary injunction "to separate defendant from Plaintiff." [Doc. 10 at 7]. Because Plaintiff has been transferred to Marion, the Court will dismiss Plaintiff's claim for injunctive relief as moot. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312,

319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. To state

a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard and objectively serious … risk of harm." Id.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment also fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, his Eighth Amendment claims based on the use of excessive force against Defendants John Doe 1 and John Doe 2 and his failure to protect claims against Defendants Suttles, Moss, Walker, Franks, Baker, and John Does 3 and 4 are not clearly frivolous and survive initial review. Plaintiff's allegations, however, are insufficient to state any claim against Defendant Carrol, as Plaintiff does not allege that he was involved in the extraction incident. Plaintiff has also failed to state a claim based on alleged deliberate indifference to a serious medical need. That is, he alleges only that Defendants Moss, Suttles, and Nurse Doe refused to treat him for his injuries after the use of force incident, which is insufficient to allege subjective awareness of a serious medical need. The Court, therefore, will dismiss this claim.

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d

89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id., 40 F.3d at 74.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a claim for retaliation. Plaintiff alleges only that Defendants John Doe 1 and John Doe 2 retaliated against him for refusing to submit to restraints so that his property

could be removed form his cell. Refusing an order in prison is not a protected First Amendment activity. The Court, therefore, will dismiss this claim.

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also dismiss the related state claims if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; or (3) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1), (2), and (4).

Because Plaintiff's state law claim for assault and battery is so related to his surviving federal excessive force claim as to form part of the same

case or controversy, the Court will exercise supplemental jurisdiction over it and allow it to pass initial review against Defendants John Doe 1 and John Doe 2. The Court, however, will dismiss Plaintiff's claim for intentional infliction of emotional distress, as he fails to allege facts supporting the elements of this claim.

Finally, Plaintiff alleges that Defendants Moss and Suttles failed to train or supervise. This allegation is too vague and conclusory to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Court, therefore, will also dismiss this claim.

## IV. CONCLUSION

In sum, Plaintiff's Eighth Amendment claims against Defendants Suttles, Moss, Franks, Walker, Baker, and John Does 1 through 4 based on the use of excessive force and on the failure to protect Plaintiff from harm and Plaintiff's state law assault and battery claim against Defendants John Doe 1 and John Doe 2 survive initial review. Plaintiff's remaining claims fail

11

initial review and will be dismissed.

Before the Court can facilitate service on the John Doe Defendants, Plaintiff must identify them. The Court will order Plaintiff to identify these Defendants within 21 days of this Order. If Plaintiff is unable to identify these Defendants by name, he must submit any and all information he knows that may assist in their identification by the North Carolina Attorney General's Office. **Plaintiff's failure to timely identify these Defendants or otherwise comply with this Order may result in dismissal of these Defendants without prejudice**.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force and failure to protect claims against Defendants Suttles, Moss, Franks, Walker, Baker, and John Does 1 through 4 and his assault and battery claim against Defendants John Doe 1 and John Doe 2 pass initial review in accordance with the terms of this Order. Plaintiff's remaining claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants Turner, Matthews, Carrol and FNU Doe are hereby **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Plaintiff shall identify Defendants John Doe 1 through John Doe 4 within 21 days of this Order in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Suttles, Moss, Franks, Walker, and Baker, who are alleged to be current or former employees of the North Carolina Department of Adult Correction.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: April 14, 2025

Martin Reidinger
Chief United States District Judge