# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:25-cv-00036-MR

| | |
|---|---|
| PIERRE JAMAR WALKER, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>)<br>FNU SUTTLES, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, [Doc. 25], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 5].

## I.   BACKGROUND

Pro se Plaintiff Pierre Jamar Walker ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. On March 14, 2025, he filed this action pursuant to 42 U.S.C. § 1983, naming the following Alexander Correctional Institution ("Alexander") officials as Defendants: FNU Suttles and FNU Moss, identified as Lieutenants; FNU Carrol, identified as a Sergeant; FNU Turner, identified as an SRGIO Officer; FNU Franks, FNU Walker, FNU Baker, FNU

Mathews, and John Does 1, 2, 3, and 4, all identified as Officers. [Doc. 1 at 1-5]. Plaintiff purported to state unrelated claims addressing three different incidents involving three different Defendants or sets of Defendants. [See Doc. 1]. The Court, therefore, dismissed Plaintiff's Complaint on initial review and allowed him 30 days to amend his Complaint to select which incident he wished to pursue in this action. [Id. at 5-6].

Plaintiff timely filed an Amended Complaint, again naming Defendants Suttles, Moss, Carrol, Franks, Walker, Baker, and John Does 1 through 4 as Defendants and adding "FNU Doe," identified as a Nurse at Alexander ("Nurse Doe"), as a Defendant. [Doc. 10]. In his Amended Complaint, Plaintiff alleged *inter alia* that Defendants Walker, Franks, Baker, Suttles, Moss and John Does 1 through 4, in their roles in a cell extraction team on January 22, 2025, at approximately 2:55 p.m., either used excessive force on Plaintiff or failed to intervene on the use of such force. [Id. at 7-8]. Plaintiff alleged that, while Plaintiff posed no threat, Defendant John Doe 1 punched Plaintiff numerous times and Defendant John Doe 2 "put his body weight and knee on [Plaintiff's] head." [Id. at 8]. Plaintiff's Amended Complaint passed initial review in accordance with the Court's Order.[1] [Doc. 11]. The Court

---

[1] Defendants Carrol, Turner, Matthews, and Nurse Doe were dismissed as Defendants for Plaintiff's failure to state a claim for relief against them. [Doc. 11 at 8, 12]. Defendants Walker, Moss, Baker, Suttles, and Franks waived service of Plaintiff's Amended

2

ordered the Plaintiff to identify Defendants John Does 1 through 4 so that the Court could facilitate service on them. [Id. at 12]. Alternatively, the Court ordered Plaintiff to submit any information he knows which may assist in their identification by the North Carolina Attorney General's Office (NCAGO). [Id.]. After the Plaintiff advised the Court of his inability to further identify the Doe Defendants, the Court ordered the NCAGO to identify the subject extraction team members and to identify those individuals who used force on the Plaintiff according to the Incident Report and/or video footage in this matter. [Doc. 18]. The NCAGO complied, identifying John Does 1, 2, and 3. [Doc. 20]. The NCAGO provided, however, that they were unable to identify a fourth John Doe Defendant. [Id. at 1]. The Court then ordered that Plaintiff had 21 days to file a complete, proposed amended complaint if he wished to state a claim against different extraction team members. [See Doc. 21 at 1-2].

Now pending is Plaintiff's Second Amended Complaint. [Doc. 25]. Plaintiff again names Defendants Suttles, Moss, Baker, Franks, and Walker as Defendants. [Id. at 2-4]. Plaintiff also names Tommy Mitzel, Christopher Lotsey, and Jon Ordes, all identified as Correctional Officers at Alexander,

---

Complaint. [Doc. 19]. Their answers are due on August 12, 2025. [6/13/2025 Docket Entry].

3

as Defendants. [Id. at 4]. Plaintiff alleges as follows.

On January 22, 2025, at approximately 2:55 p.m., a correctional officer came to Plaintiff's cell asking him to cuff up to remove his property from his cell because Plaintiff had kicked his door to get a notary. [Id. at 6]. Defendant Carrol "said in a clear loud voice" that Plaintiff "need[ed] to cuff up before they come in there and beat [his] ass." [Id.]. The extraction team, consisting of all Defendants and supervised by Defendant Moss, assembled. [Id. at 6-7]. The Defendants were carrying shields and had on dark-tinted helmets. Plaintiff was armed with a sock full of batteries, which he swung once, but missed. The extraction team pinned him to the bed with a shield. They then removed the shield and restrained the Plaintiff. After he was restrained and "posing no physical threat," "[s]ome of the officers" punched the Plaintiff numerous times as another officer put his body weight and knee on Plaintiff's head. [Id. at 7]. Defendant Moss was the only Defendant that did not enter the cell. He remained by the door. "All officers … present participated in this excessive force and all fail[ed] to protect [Plaintiff's] safety." [Id.].

Plaintiff asserts claims against Defendants Suttles, Baker, Franks, Walker, Mitzel, Lotsey, and Ordes under the Eighth Amendment based on the use of excessive force and the failure to protect and for assault and

4

battery under state law and against Defendant Moss under the Eighth Amendment based on the failure to protect. [Id. at 7-8]. Plaintiff claims various physical injuries, including hearing loss and bruised ribs, as well as anxiety and P.T.S.D. [Id. at 7]. Plaintiff seeks monetary relief, including punitive damages.[2] [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

---

[2] Plaintiff also seeks a preliminary injunction "to separate defendant from Plaintiff." [Doc. 25 at 6]. Because Plaintiff has been transferred to Marion, the Court will dismiss Plaintiff's claim for injunctive relief as moot. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must

satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. To state a claim against a prison official for failure to protect, an inmate must show:

(1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard and objectively serious … risk of harm." Id.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, his Eighth Amendment claims based on the use of excessive force against Defendants Suttles, Walker, Franks, Baker, Mitzel, Lotsey, and Ordes and based on the failure to protect Plaintiff from harm against Defendant Moss are not clearly frivolous and survive initial review. Plaintiff, however, has failed to state a claim based on the failure to protect against Defendants Suttles, Walker, Franks, Baker, Mitzel, Lotsey, and Ordes because he also alleges that they participated in the alleged excessive force against him. The Court, therefore, will dismiss this claim against these Defendants.

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common

nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also dismiss the related state claims if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; or (3) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1), (2), and (4).

Because Plaintiff's state law claim for assault and battery is so related to his surviving federal excessive force claim as to form part of the same case or controversy, the Court will exercise supplemental jurisdiction over it and allow it to pass initial review against Defendants Suttles, Walker, Franks, Baker, Mitzel, Lotsey, and Ordes.

## IV. CONCLUSION

In sum, Plaintiff's Eighth Amendment claim against Defendants Suttles, Franks, Walker, Baker, Mitzel, Lotsey, and Ordes based on the use of excessive force; Plaintiff's Eighth Amendment claim against Defendant

Moss based on the failure to protect Plaintiff from harm; and Plaintiff's state law assault and battery claim against Defendants Suttles, Franks, Walker, Baker, Mitzel, Lotsey, and Ordes survive initial review.  Plaintiff's remaining claims fail initial review and will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment claim against Defendants Suttles, Franks, Walker, Baker, Mitzel, Lotsey, and Ordes based on the use of excessive force; Plaintiff's Eighth Amendment claim against Defendant Moss based on the failure to protect Plaintiff from harm; and Plaintiff's state law assault and battery claim against Defendants Suttles, Franks, Walker, Baker, Mitzel, Lotsey, and Ordes survive initial review in accordance with the terms of this Order.  Plaintiff's remaining claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Mitzel, Lotsey, and Ordes, who are alleged to be current or former employees of the North Carolina Department of Adult Correction.

**IT IS SO ORDERED**.

Signed: July 30, 2025

Martin Reidinger
Chief United States District Judge