IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No.: 5:25-CV-00036 -MR-SCR

| | |
|---|---|
| PIERRE JAMAR WALKER,<br>　　　　Plaintiff,<br><br>　v.<br><br>FNU SUTTLES,<br>　　　　Defendant. | **ANSWER**<br>**(Jury Trial Demanded)** |

NOW COME Defendants Charles Moss, Justin Franks, James Suttles, Adam Baker, Matthew Walker (hereinafter "Defendants"), by and through Undersigned Counsel, answering Plaintiff's Complaint (DE-25) as follows:

**FIRST DEFENSE – ANSWER**

Except as admitted herein, denied. Defendants deny all allegations and requests for relief in Plaintiff's Complaint. Otherwise, Defendants respond as follows to Sections of the Complaint:

**I.　PARTIES TO THIS COMPLAINT**

As to Section I, The Parties to This Complaint, it is admitted that Plaintiff is Pierre Walker, and Defendants are employed by the North Carolina Department of Adult Correction. Defendants lack sufficient information and knowledge to respond to the remainder of the allegations, and as such, they are denied. Except as specifically admitted herein, denied.

**II.　BASIS FOR JURISDICTION**

1

It is admitted, upon information and belief, that Plaintiff purports to file a claim against Defendants pursuant to 42 U.S.C. § 1983 alleging a violation of the Constitution and state law, but all such claims for relief are denied. Except as specifically admitted herein, denied.

### III. PRISONER STATUS

It is admitted that Plaintiff is an incarcerated offender. Defendants are currently without sufficient information to admit or deny the remainder of the allegations in this paragraph, and therefore, they are denied.

### IV. STATEMENT OF CLAIM

It is admitted that the incident giving rise to the Complaint occurred on January 22, 2025, at Alexander Correctional Institution. It is admitted that Plaintiff resisted officers' demands. It is admitted that an extraction team was dispatched because of Plaintiff's non-compliance with officers' demands. It is admitted that Plaintiff did not comply with orders given by the extraction team. Defendants deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Defendants are currently without sufficient information to admit or deny the remainder of the allegations. Except as specifically admitted herein, denied.

### V. INJURIES

Defendants deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Except as specifically admitted herein, denied.

## VI. RELIEF

Denied.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES ADMINISTRATIVE PROCEDURES

It is admitted that Plaintiff submitted grievances and received responses to those grievances. Defendants are currently without sufficient information to admit or deny the remainder of the allegations in this paragraph, and therefore, they are denied. Except as specifically admitted herein, denied.

## VIII. PREVIOUS LAWSUITS

Defendants are currently without sufficient information to admit or deny Plaintiff's allegations, and therefore, they are denied. Except as specifically admitted herein, denied.

## SECOND DEFENSE – QUALIFIED IMMUNITY

Qualified immunity shields the Defendants in their individual capacities from Plaintiff's claims against them for monetary damages, if any, as Defendants did not violate any clearly established federal law or constitutional rights of which a reasonable person would have known.

## THIRD DEFENSE – PUBLIC OFFICIAL IMMUNITY

Any common law claims asserted by Plaintiff are barred by public official immunity in that Defendants did not act with malice, corruption, or otherwise the scope of their authority.

## FOURTH DEFENSE – FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

To the extent it is determined that Plaintiff failed to exhaust his available administrative remedies, Defendants assert that such failure bars Plaintiff's claims.

## FIFTH DEFENSE – SUPERSEDING CAUSE

To the extent it is determined that the actions or omissions of any other person(s) (including Plaintiff) was a proximate cause of injury to Plaintiff and thereby interrupted the casual relationship between any alleged (but denied) wrongful actions of Defendants with respect to the alleged injury to Plaintiff, Defendants plead such intervening and superseding actions as a complete bar against any recovery by Plaintiff from Defendants in this matter.

## SIXTH DEFENSE – NO PROXIMATE CAUSE

Defendants' conduct was at all times in accordance with the applicable standards of care and no alleged act or alleged failure to act was the proximate cause of any injury to Plaintiff.

## SEVENTH DEFENSE – FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fails to state a claim upon which relief can be granted, and Defendants plead this failure in bar of Plaintiff's claims against them. The Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to support a finding that Defendants violated Plaintiff's rights under the Constitution or federal law. Lastly, the Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to state any other legally cognizable claims.

## EIGHTH DEFENSE – NO PUNITIVE DAMAGES

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any such recovery. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional conduct, reckless disregard of injury, or evil motive/intent by Defendants required to support a claim for punitive damages.

## NINTH DEFENSE – FAILURE TO MITIGATE DAMAGES

Should the evidence show that Plaintiff failed to mitigate their damages, if any, Defendants plead such failure as a bar to Plaintiff's claims, or alternatively, as a reduction of Plaintiff's alleged damages.

## TENTH DEFENSE- SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of state law torts committed by Defendants, as state employees, while acting within the course and scope of their employment with NCDAC. Any claims for state law torts against State Officials must be filed in the Industrial Commission under the N.C. Tort Claims Act and sovereign immunity is not otherwise waived (such immunity is not waived here).

## RESERVATIONS OF RIGHTS

Without waiving any other defenses or immunities asserted herein, Defendants assert any and all other legal or equitable defenses and/or immunities that currently exist and/or may be discovered hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby prays the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendants;

3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 13th day of August 2025.

**JEFF JACKSON**
**Attorney General**

/s/Tiffany Hoyd
Tiffany Hoyd
Assistant Attorney General
N.C. State Bar No.
N.C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, North Carolina 27699-9001
Telephone:  (919) 716-6943
Facsimile:  (919) 716-6761
E-Mail:  thoyd@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

Pierre Jamar Walker
OPUS No. 0996764
Marion Correctional Institution
355 Old Glenwood Road
Marion, NC 28752
*Pro Se Plaintiff*

This the 13th day of August 2025.

/s/Tiffany Hoyd
Tiffany Hoyd
Assistant Attorney General